UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRYON MEDLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15-cv-00049-JMS-WGH |
| | ) |
| JOSEPH, CONNIE ALLEN, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Bryon Medlin, who at all relevant times was incarcerated at Putnamville Correctional Facility ("Putnamville"), brought this action against defendants Dr. Lolit Joseph and Nurse Connie Allen, alleging that they were medically negligent and violated his Eighth Amendment rights by failing to treat his severe pain. The defendants move for summary judgment on the ground that Mr. Medlin failed to exhaust his administrative remedies before bringing this suit. Sadly, Mr. Medlin passed away on October 14, 2015, before the time to respond to the defendants' motion had passed. This leaves their motion unopposed. For the reasons explained in this Entry, the defendant's unopposed motion for summary judgment is **granted**. [Filing No. 35.]

I.
**Background**

Mr. Medlin was at all times relevant to this action an inmate at Putnamville. Defendants Dr. Joseph and Nurse Allen were both worked at Putnamville during that period. Mr. Medlin alleges that they violated his Eighth Amendment rights and were medically negligent when they failed to treat severe pain in his knees, ankles, arms, and back, which was caused by his twenty-

one previous orthopedic surgeries. Specifically, he alleges that they failed to provide him pain relievers altogether, or when they were provided, they were ineffective.

The defendants move for summary judgment on the ground that the claims are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court.

As noted above, Mr. Medlin did not respond to the defendants' motion for summary judgment. The consequence is that Mr. Medlin has conceded the defendants' version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Accordingly, the following facts, unopposed by Mr. Medlin and supported by admissible evidence, are accepted as true:

IDOC has an Offender Grievance Process through which inmates, including those at Putnamville, can grieve issues related to their conditions of confinement. The purpose of the Offender Grievance Process is to provide administrative means by which inmates may resolve concerns and complaints related to their conditions of confinement. Inmates are made aware of

the Offender Grievance Process during orientation and a copy of it is also available at various locations in the prison, including the law library.

The Offender Grievance Process consists of three stages. First, an offender must attempt to resolve the grievance informally through officials at the facility by contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. Second, if the offender is unable to obtain a resolution of the grievance informally, he may submit a formal written complaint to the prison official or staff designated to accept grievances. Third, if the formal written complaint is not resolved in a manner that satisfies the inmate, he may submit an appeal within ten working days from the date of receipt of the initial grievance response. The Offender Grievance Process is complete once the inmate has received a response to his appeal.

Chris Williams is the Offender Grievance Specialist at Putnamville, and as such, he oversees, maintains, and processes grievances filed by inmates. He is also the custodian of the database that catalogues all formal grievances and grievance appeals. Mr. Williams reviewed the grievance records for Mr. Medlin while he has been incarcerated at Putnamville. The grievance records for Mr. Medlin reflect that he has filed two grievances, but he did not file grievance appeals for either of them.

## II.
## Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

### III.
### Discussion

The undisputed facts demonstrate that the defendants have met their burden of proving that Mr. Medlin "had available remedies that he did not utilize." *Dale*, 376 F.3d at 656. Because Mr. Medlin did not respond, he has not identified a genuine issue of material fact supported by admissible evidence that counters the facts offered by the defendants. These facts include that Putnamville had a grievance process in place through which Mr. Medlin could have complained about the medical care he received from Dr. Joseph and Nurse Allen, yet he did not appeal either of the grievances he filed, as is required by the Offender Grievance Process.

Accordingly, the undisputed evidence shows that Mr. Medlin did not exhaust his administrative remedies as required by the PLRA. The consequence of this, in light of 42 U.S.C. § 1997e(a), is that Mr. Medlin's claims against the defendants regarding his medical care must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV.
### Conclusion

For the reasons explained above, the defendants' motion for summary judgment is **granted**. [Filing No. 35.] Mr. Medlin's claims are **dismissed without prejudice**. Final Judgment shall issue.

**IT IS SO ORDERED.**

Date: January 22, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

BRYON  MEDLIN
225608
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronically Registered Counsel